UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GERALD EDWARDS, SR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:05CV2319 RWS |
| AL LUEBBERS, | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on the petition for writ of habeas corpus filed by petitioner Gerald Edwards, Sr. I referred this matter to United States Magistrate Judge Audrey G. Fleissig for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On February 4, 2009, Judge Fleissig filed her recommendation that petitioner's habeas petition should be denied.

Petitioner objects to the Report and Recommendation. In his objections, petitioner merely restates the arguments made in support of his habeas petition. I have conducted a de novo review of the entire file, including all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Fleissig and will deny petitioner's habeas petition.

Judge Fleissig correctly determined that Grounds 3 and 4 of petitioner's habeas petition are procedurally defaulted. As Judge Fleissig explained, procedurally defaulted claims cannot be reached by the federal habeas court unless the petitioner demonstrates adequate cause to excuse his default and resulting prejudice, or actual innocence. Although petitioner argued that ineffective assistance of counsel constituted cause for his procedural default, Judge Fleissig properly rejected that claim as insufficient to avoid the procedural bar. While ineffective assistance of counsel can, in some instances, constitute cause to avoid the procedural bar, in this case it cannot. Because petitioner's ineffective assistance of counsel claims are themselves procedurally defaulted, they cannot serve as a basis for demonstrating "cause" and avoiding the procedural bar with respect to the underlying claims. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Because Grounds 3 and 4 are procedurally defaulted, I will overrule petitioner's objection to Judge Fleissig's analysis Grounds 3 and 4 contained in the Report and Recommendation.

With respect to petitioner's claims that are not procedurally defaulted, I agree with Judge Fleissig that the state court determination on the merits of these claims was not "contrary to" or an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). I also agree that petitioner has

not shown that the state court determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Because Judge Fleissig correctly decided petitioner's claims, I am overruling petitioner's objections to the Report and Recommendation and will deny habeas relief for the reasons stated in the Report and Recommendation.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on February 4, 2009 [#15] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#19] are overruled in their entirety.

**IT IS FURTHER ORDERED** that Petitioner Gerald Edwards, Sr.'s Petition for Writ of Habeas Corpus [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2009.